UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 4:10-cr-00005-1 |
| v. | ) | |
| | ) | Judge Mattice |
| RICHARD HILL, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendant.* | ) | |

## **MEMORANDUM OPINION**

Before the Court is Defendant Richard Hill's Motion to Reduce Sentence (Doc. 60). For the reasons set forth below, the Motion (Doc. 60) will be granted and a separate judgment shall enter.

### I.   FACTUAL BACKGROUND

On October 25, 2010, Defendant was sentenced to 120 months imprisonment after pleading guilty to conspiracy to possess with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). (Doc. 49). The Presentence Investigation Report ("PSR") held Defendant responsible for 66 grams of crack cocaine and established a criminal history category of III. Defendant's guideline sentencing range was 87 to 108 months. Due to a prior drug felony, Defendant was subject to a mandatory minimum of 10 years. He was thus sentenced to 120 months imprisonment, of which he has served approximately 113 months. (Doc. 60 at 15).

### II.   ANALYSIS

The question before the Court is whether eligibility for resentencing under the First Step Act turns on the drug quantity for which Defendant was convicted or the drug quantity for which he was held responsible in the PSR. The majority of courts to address

this issue have held that the defendant's conviction, not the specific offense conduct, controls whether the offense is a "covered offense" within the meaning of the First Step Act. *See, e.g., United States v. Rose*, 379 F. Supp.3d 223 (S.D.N.Y. 2019); *United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. 2019); *United States v. Graves*, 2019 WL 3161746, \*2 (E.D. Tenn. July 15, 2019); *United States v. Bollinger*, 2019 WL 3292156 (E.D. Tenn. July 22, 2019) ("The government's interpretation of § 404(a) is contrary to the weight of persuasive authority, both within and outside the Sixth Circuit."). Because this view is supported by the plain language of the Act, the reasoning of *Alleyne v. United States*, 570 U.S. 99 (2013), and the rule of leniency, the Court joins this growing majority.

First, the unambiguous text of the Act makes clear the Defendant was convicted of a "covered offense." Section 404(a) provides:

> Definition of Covered Offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

First Step Act of 2018, Pub. L. No. 115-391, December 21, 2018, 132 Stat 5194 (the "First Step Act"). Defendant was convicted of violating § 841(b)(1)(B)(iii), the statutory penalties for violation of that statute were changed by the Fair Sentencing Act, and he committed the offense prior to August 3, 2010. His conviction is thus one for a "covered offense."

The Government disagrees, arguing that by referring to a "violation… committed" on a particular date, Section 404(a) "sensibly grounds the eligibility inquiry in the actual conduct involved in the defendant's violation, rather than the statute under which he was convicted." (Doc. 61 at 4). As other courts have explained, this argument runs counter to both the natural reading and grammatical structure of the text. The clause "the statutory

penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" modifies the nearest noun phrase "Federal criminal statute," not the noun "violation." *United States v. White*, Crim. Act. No. 93-97, 2019 WL 3719006, *13 (D.D.C. Aug. 6, 2019). More simply, the word "violation" and the phrase "Federal criminal statute" are not logically independent of one another—one cannot "violate" without violating something.

The Government argues this interpretation would lead to sentencing disparities, defeating the purpose of the First Step Act. It argues Hill is a prime example of this danger, since under the Fair Sentencing Act, his sentencing range would be 5 to 40 years for an offense involving 66 grams of crack cocaine. Were the Court to ignore the actual quantity for which he was held responsible and resentence him based on only 5 grams of crack cocaine, he would receive a "windfall" because his sentencing exposure would be lower than that faced by those charged with the same crime after August 3, 2010. According to the Government, "every offender charged with and convicted of an offense involving that drug quantity since August 3, 2010, has been sentenced under 21 U.S.C. § 841(b)(1)(B)." (Doc. 61 at 6).

Yet Hill was not charged with and convicted of an offense involving 66 grams of crack cocaine. He was charged with, pleaded guilty to, and was convicted of an offense involving 5 grams or more of crack cocaine. The Government's argument rests on a demonstrably faulty premise – that "if the Fair Sentencing Act had been in effect at the time of charging and trial, the indictment would have alleged an amount sufficient to trigger the pertinent statutory penalties and the jury would have been able to so find." *United States v. Boulding*, 379 F. Supp. 3d 646, 652 (W.D. Mich. 2019). Here, the Government chose not to or was unable to charge Hill with an offense involving 50 grams

or more of crack cocaine, the quantity necessary to trigger the highest statutory penalties supported by the 66 grams for which he was ultimately held responsible. The "windfall" argument is thus based at least in part on a false comparison between how Defendant might have been charged and the sentence that might have been imposed on one hand, and the current sentencing range for the drug quantity he was actually convicted of conspiring to distribute. "[T]he Court is unwilling to engage in a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019).

This dovetails into the second fundamental problem with the Government's position: "The Court cannot simply assume that the Government would have been successful in proving an indispensable element of a criminal offense." *Rose*, 379 F. Supp. 3d at 236. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court of the United States held that drug quantities used to determine a mandatory minimum sentence must be found by a jury beyond a reasonable doubt. *See id.* at 230-31. The Government argues these cases do not apply because they relate to increasing a statutory maximum or minimum, while the First Step Act only authorizes a reduction in sentence, and because they are not retroactive. (Doc. 61 at 7).

Though not unsupported, s*ee United States v. White*, 2019 WL 3719006 (D.D.C. Aug. 6, 2019), "the far greater weight of authority holds that a judge's sentencing findings, made only by a preponderance of the evidence, cannot be used to establish the statutory range for purposes of the First Step Act." *United States v. Moore*, 4:09-cr-3092, 2019 WL 3966168, *5 (D. Neb. August 22, 2019) (collecting cases). As the court observed in *United States v. Opher*, Crim. No. 00-323-09, 2019 WL 3297201, (D.N.J. July 23, 2019), while

4

the Supreme Court's sentencing jurisprudence on this issue is not retroactive on collateral review, neither should it be ignored. "Critically, in creating the First Step Act's independently authorized procedures, a court must presume that Congress legislated in light of current constitutional requirements." *Id.* at *14; *see also Graves*, 2019 WL 3161746 at *2 ("True, *Apprendi* and *Alleyne* do not retroactively apply on collateral review, but the majority of courts to thus far consider the issue have concluded that those cases' holdings are nonetheless applicable to § 404.").

Finally, to the extent there is any ambiguity in the purpose and text of the statute, the rule of leniency suggests this ambiguity be resolved in Defendant's favor. *United States v. Davis*, 139 S. Ct. 2319 (2019) (the rule of lenity teaches "that ambiguities about the breadth of a criminal statute should be resolved in the defendant's favor").

Having concluded Defendant was convicted of a "covered offense" within the meaning of the First Step Act, the Court finds Defendant is eligible for a sentence reduction. If the Defendant were sentenced under the Fair Sentencing Act for an offense involving 5 grams of crack cocaine, his statutory sentencing range would be up to 30 years as enhanced. The Court has carefully considered the requested reduction, particularly Defendant's extensive rehabilitation efforts during his incarceration and his original sentencing guideline range, and will reduce his sentence to time served.

### III. CONCLUSION

For the reasons set forth herein, the Motion to Reduce Sentence (Doc. 60) will be **GRANTED** and a separate judgment shall enter.

**SO ORDERED** this the 24th day of September, 2019.

                                            */s/ Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE